**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

                                                      )
TAMMIE GARVIN, <u>et al.</u>,                        )
                                                      )
                              Plaintiffs,             )
                                                      )
        v.                                            )        Civil Action No. 11-0383 (RBW)
                                                      )
GOVERNMENT OF THE DISTRICT                            )
OF COLUMBIA,                                          )
                                                      )
                                                      )
                              Defendant.              )
_____              )

**MEMORANDUM OPINION**

        The plaintiffs brought suit against the Government of the District of Columbia to recover

attorneys' fees incurred during administrative proceedings under the Individuals with Disabilities

Education Act, 20 U.S.C. § 1415 (2006) ("IDEA").  <u>See</u> Complaint ("Compl.") ¶¶ 4–11.  On

March 30, 2012, the Court granted in part and denied in part the plaintiffs' motion for summary

judgment.  <u>Garvin v. Dist. of Columbia</u>, 851 F. Supp. 2d 101, 103 (D.D.C. 2012).  Currently

before this Court is the Plaintiffs' Motion for an Award of Attorney's Fees and Costs ("Pls.'

Mot."), seeking an award of the attorneys' fees and costs incurred in prosecuting this case.  After

considering the submissions of the parties,[1] the Court concludes that it must grant in part and

deny in part the plaintiffs' motion.

**I. BACKGROUND**

        This litigation arises from the plaintiffs' successful prosecution of an administrative

complaint against the District of Columbia Public Schools ("Public Schools") pursuant to the

_____

[1] In addition to the filings already referenced, the Court considered the following submissions in rendering its
decision: (1) Points and Authorities in Support of Plaintiffs' Motion for an Award of Attorney's Fees and Costs
("Pls.' Mem."); (2) Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for an Award of
Attorney's Fees and Costs ("Def.'s Mem."); and (3) Plaintiff's [sic] Reply to Defendant's Opposition to Plaintiff's
[sic] Motion for Attorney's Fees ("Pls.' Reply").

IDEA.  <u>See</u> Compl. ¶ 4.  Following the administrative hearing officer's decision in favor of the plaintiffs, the plaintiffs submitted a petition for attorneys' fees and costs to the Public Schools. <u>Id.</u> ¶ 5.  The plaintiffs instituted this suit to recover outstanding attorneys' fees and costs in the amount of $5,822.17 after receiving only partial payment from the defendant.  <u>Id.</u> ¶¶ 5–11.

The plaintiffs then moved for summary judgment on their claim.  Pls.' Mot. at 1.  On March 30, 2012, the Court granted in part and denied in part the plaintiffs' motion for summary judgment, awarding the plaintiffs the full amount requested in attorneys' fees, but denying their request for pre-judgment interest.  <u>See</u> <u>Garvin</u>, 851 F. Supp. 2d at 107–09.

The plaintiffs have now filed a motion for an award of attorneys' fees and costs, seeking $14,332.50 for legal services performed by Elizabeth T. Jester, Esq. and $510.58 for the costs incurred in pursuing the litigation before this Court.  Pls.' Mot. at 1.  The plaintiffs note that the requested amount does not include any fees relating to the issue of pre-judgment interest, on which the plaintiffs did not prevail.  Pls.' Reply at 5 n.2.  The defendant disputes the reasonableness of the requested fees, arguing that a "fees on fees" award is contrary to the intention of the IDEA and thus not reasonable, Def.'s Mem. at 6–7, and that Ms. Jester's hourly rate is not reasonable, <u>id.</u> at 3-5.

## II. LEGAL ANALYSIS

Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability."  20 U.S.C. § 1415(i)(3)(B)(i).  In order to award attorneys' fees under the IDEA, a court must engage in a two-step inquiry, determining first whether the party seeking fees is the prevailing party and second, whether the requested fees are reasonable.  <u>Jackson v. Dist. of Columbia</u>, 696 F. Supp. 2d 97, 101 (D.D.C. 2010).  The defendant does not contest that the plaintiffs are

"prevailing parties" within the meaning of § 1415(i)(3)(B); therefore this Court's analysis is

confined to the reasonableness of the plaintiffs' fee request.

### A.  "Fees on fees" request

The defendant argues, as an initial matter, that a request for the fees and costs incurred in

pursuing fees for the underlying IDEA litigation—"fees on fees"—is not reasonable because a

large fee award is "contrary to the purpose of the IDEA when it substantially depletes the funds

available to provide services and support to the disabled students the IDEA is designed to help."

Def.'s Mem. at 6.  The defendant notes that the award of fees under the statute is discretionary,

and asserts that receipt of the fees and costs associated with the underlying IDEA litigation

"should suffice as reasonable attorney's fees" under the statute because the IDEA "is not

designed to enrich the attorneys who litigate on behalf of the aggrieved students."  Id.  The

plaintiffs counter that they should be awarded the requested fees and costs because it was the

defendant's unwillingness to engage in settlement discussions regarding the fees incurred in the

underlying litigation that resulted in the filing of the current motion.  Pls.' Reply at 4.

Nothing in the statutory language of the IDEA fee-shifting provision prohibits "fees on

fees" requests and no authority holds that such a request is inherently unreasonable.  In fact, this

Circuit has previously approved the collection of "fees on fees" in IDEA actions in accordance

with its "general rule . . . that [a] court may award additional fees for 'time reasonably devoted to

obtaining attorney's fees.'"  Kaseman v. Dist. of Columbia, 444 F.3d 637, 640 (D.C. Cir. 2006)

(quoting Envtl. Def. Fund v. EPA, 672 F.2d 42, 62 (D.C. Cir. 1982)); see also Wright v. Dist. of

Columbia, __ F. Supp. 2d __, __, 2012 WL 3245428, at *1 (D.D.C. 2012) (citing Kaseman, 444

F.3d at 640).

The Court also declines to exercise its discretion under the IDEA to deny the plaintiffs'

request in its entirety.  The legislative history of the attorneys' fees provision in the IDEA's

predecessor act, the Education of the Handicapped Act, indicates that Congress included the fee-shifting provision so that all children and their families would be able to enforce the child's right to a free appropriate public education, regardless of financial means.  See, e.g., 131 Cong. Rec. 21390 (1985) (statement of Sen. Weicker) ("[U]nless the [Education of the Handicapped Act] is to become a mere hollow pronouncement which the financially strapped parents and legal representatives of handicapped children cannot enforce, Congress must guarantee access to legal counsel to assist parents in obtaining what is guaranteed to them by [the Education of the Handicapped Act].");  H.R. Rep. No. 99-296, at 5 (1985) (adopting language designed to "increas[e] the possibility that poor parents will have access to the procedural rights in [the Education of the Handicapped Act], thereby making the laws' protections available to all").  This Circuit has stated that "[t]he availability of 'fees for fees' is essential to carrying out Congress' goal in including [fee-shifting] provision[s] in the first place."  Am. Fed'n of Gov't Emps., AFL-CIO, Local 3882 v. Fed. Labor Relations Auth., 994 F.2d 20, 22 (D.C. Cir. 1993).  Disallowing "fees on fees" requests would undoubtedly undermine the impact of a fee-shifting provision, thereby diminishing the effectiveness of the statute that the provision is designed to enforce.  Id. And the unavailability of "fees on fees" awards in IDEA cases would essentially render the attorneys' fees provision of the IDEA unenforceable, causing a party to forfeit any outstanding balance due to the prohibitive cost of the litigation to recover it.  The inability to enforce the attorneys' fees provision would, in turn, undermine Congress' goal in enacting the fee-shifting provision by making it more difficult for families to secure legal representation to enforce a child's rights under the IDEA.  The Court must therefore decline the defendant's invitation to categorically reject "fees on fees" requests as "unreasonable" under the IDEA.

## B.  Hourly rate

The defendant also objects to the reasonableness of Ms. Jester's hourly rates of $450.00 for work she performed and $125.00 for work performed by her paralegal.[2]  Def.'s Mem. at 3–6. The plaintiffs contend that these hourly rates are reasonable because they fall below the rates set out in the <u>Laffey</u> Matrix, a fee schedule for the calculation of attorneys' fees in complex litigation first established in <u>Laffey v. Northwest Airlines, Inc.</u>, 572 F. Supp. 354 (D.D.C. 1983), <u>rev'd on other grounds</u>, 746 F.2d 4 (D.C. Cir. 1984), and now regularly updated by the United States Attorney's Office for the District of Columbia.  Pls.' Mem. at 3–4.  The defendant argues that the <u>Laffey</u> Matrix reflects only the rate of compensation for attorneys engaged in complex federal litigation, and is therefore inapplicable because this litigation "was routine and did not involve any novel questions of law or fact."  Def.'s Mem. at 4–5.  In determining an appropriate rate, the defendant proposes instead that this Court apply the attorney compensation guidelines developed by the Public Schools, which would compensate Ms. Jester at a maximum hourly rate of $275.00, and her paralegal at an hourly rate of $90.00.  Def.'s Mem. at 5; <u>see</u> Def.'s Mem., Exhibit ("Ex.") A.

The party seeking attorneys' fees bears the burden of establishing the reasonableness of the requested hourly rate.  <u>Covington v. Dist. of Columbia</u>, 57 F.3d 1101, 1107 (D.C. Cir. 1995). Carrying this burden "entails a showing of at least three elements: the attorneys' billing practices; the attorneys' skill, experience, and reputation; and the prevailing market rates in the relevant community."  <u>Id.</u>  If the opposing party seeks to rebut the reasonableness of the rate, "it must do so by equally specific countervailing evidence."  <u>Id.</u> at 1109 (quoting <u>Nat'l Ass'n of</u>

---

[2] The defendant does not address the amount of time Ms. Jester spent in litigating this action or the inclusion of costs in the award the plaintiffs seek.  The Court, therefore, treats the plaintiffs' arguments regarding these points as conceded.  <u>See</u> <u>Hopkins v. Women's Div., Gen. Bd. of Global Ministries</u>, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) (Walton, J.), <u>aff'd</u>, 98 F. App'x 8 (D.C. Cir. 2004); <u>cf.</u> Local Civ. R. 7(b) (stating that a court may treat a motion as conceded when an opposition memorandum is not timely filed).

Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1325 (D.C. Cir. 1982)).  Here, the defendant's objections bear primarily on the final element—the market rate for the relevant community.

   To support their contention that use of the Laffey Matrix is appropriate to establish the prevailing market rate here, the plaintiffs cite several cases in this Court that applied the Laffey Matrix to IDEA litigation, including the prior decision in this case.  See Pls.' Mem. at 3–4 (citing Garvin, 851 F. Supp. 2d at 106; Bucher v. Dist. of Columbia, 777 F. Supp. 2d 69, 74–75 (D.D.C. 2011); Cox v. Dist. of Columbia, 754 F. Supp. 2d 66, 75 (D.D.C. 2010)).  However, the plaintiffs failed to heed this Court's caveat that its decision to apply the Laffey Matrix in its prior opinion in this case "is not to say that this Court believes that all requests for attorney's fees under the IDEA should be assessed under the Laffey Matrix."  Garvin, 851 F. Supp. 2d at 106.  And the Court finds that the plaintiff has failed to meet her burden to show that application of the Laffey Matrix is appropriate under the circumstances here.

   The Laffey Matrix was created to demonstrate the "prevailing rates in the community for lawyers of comparable skill, expertise and reputation in complex federal litigation."  Laffey, 572 F. Supp. at 371–72.  Current and former members of this Court, including the undersigned, have rejected the defendant's argument that IDEA litigation is "categorically less complex than other forms of litigation" and have found the Laffey Matrix to be an appropriate measure of the prevailing market rate in IDEA cases.  E.g., Jackson, 696 F. Supp. 2d at 102–03 (collecting cases).  However, the litigation for which the plaintiffs seek an award of attorneys' fees does not concern complex issues regarding the application of the IDEA, but is rather fairly straightforward litigation over an award of attorneys' fees under the IDEA's fee-shifting provision.  See Smith v. Dist. of Columbia, No. 02-373, 2005 WL 914773, at *3 (D.D.C. Apr. 18, 2005) (holding that "fee litigation is not complex federal litigation and does not necessarily

entail specialized expertise and experience" and reducing counsel's hourly rate accordingly); see also Rooths v. Dist. of Columbia, 802 F. Supp. 2d 56, 62–63 (D.D.C. 2011) (reducing counsels' hourly rates to three-quarters of the applicable Laffey rate because IDEA litigation at issue was not sufficiently complex).  The cases relied on by the plaintiffs do not concern the applicability of the Laffey Matrix to fee litigation and, moreover, reason that use of the Laffey Matrix was warranted based on the complexity of the case.  See Bucher, 777 F. Supp. 2d at 74–75 (rejecting the defendant's claim that the litigation was "uncomplicated" when the administrative hearing lasted twenty-seven hours, involved forty-two proposed exhibits and nine witnesses for the plaintiffs, including five experts, and applying Laffey rates); Cox, 754 F. Supp. 2d at 75–76 (characterizing the defendant's argument that the litigation was not complex as "absurd" and recounting the lengthy history of the plaintiffs' efforts to acquire the educational services required for their children).  In the Court's prior decision in this case, it found the Laffey Matrix to be applicable based on the complexity of the administrative proceedings.  Garvin, 851 F. Supp. 2d at 106–07 (rejecting the defendant's argument that the litigation was not complex and detailing the numerous witnesses, including expert witnesses, and exhibits involved in the administrative hearing).

The plaintiffs cite no authority relating to the application of the Laffey Matrix in litigation similar to these proceedings, and present no evidence to show that this litigation involves novel or complex issues or requires specialized knowledge or skill, as contemplated by Laffey.  The work Ms. Jester documents in the invoice attached to the plaintiffs' motion is routine legal work, including drafting a complaint and motion for summary judgment, attending a status hearing before this Court, and corresponding with the Court and the defendant's counsel. See Pls.' Mem., Ex. A.  The straightforward nature of the claim in this case thus distinguishes these proceedings from the litigation at issue in Coleman v. District of Columbia, in which

another member of this Court rejected the defendant's claim that fee litigation was not

sufficiently complex to warrant <u>Laffey</u> rates, citing counsel's defense against the application of a

fee cap and the conflicting case law on the applicability of the cap as indications of the

complexity of the litigation.  No. 03-0126, 2007 WL 1307834, at *3–*4 (D.D.C. May 3, 2007).

Accordingly, the Court finds that the plaintiffs have not satisfied their burden of showing that the

hourly rates claimed in their motion are reasonable under the circumstances here.[3]

     As other members of this Court have done, the Court also rejects the defendant's

proposed measure of the prevailing market rate as insufficiently supported.  <u>See, e.g.</u>, <u>Rooths</u>,

802 F. Supp. 2d at 62 (rejecting use of the guidelines developed by the Public Schools because

the defendant "makes no attempt to explain why those Guidelines are reliable evidence of

prevailing market rates, or why a defendant should be permitted to set the rate at which

plaintiff's counsel is compensated").  As in other cases, the defendant does not provide any

support for how the Public Schools arrived at these rates, nor is there any indication that these

rates have been updated since October 2006.  Without any evidence indicating why the rates set

by the Public Schools should be considered the prevailing market rate, the Court must reject the

defendant's contention that its guidelines are determinative of the appropriate hourly rate.

     Instead, this Court will reduce the hourly rates at issue to one half of the maximum

applicable <u>Laffey</u> rates.  Other judges in this district have similarly reduced the applicable <u>Laffey</u>

rate for uncomplicated IDEA litigation.  <u>See, e.g.</u>, <u>Wright</u>, __ F. Supp. 2d at __, 2012 WL

3245428, at *3 (reducing rate to half of the maximum <u>Laffey</u> rate for fee litigation); <u>see also</u>,

---

[3] The Court's holding should not be read as an endorsement of the view urged by the defendant that the <u>Laffey</u> Matrix does not reflect the prevailing market rates for special education attorneys as a general proposition, nor does the Court consider this decision to be in conflict with its prior decision in this case or the decisions of the other members of this Court finding that <u>Laffey</u> rates are applicable in IDEA litigation.  The Court finds only that the plaintiffs have failed to meet their burden to show the relevance of the <u>Laffey</u> Matrix to the proceedings at issue here—straightforward fee litigation involving no complicated issues or extensive preparation.

e.g., Rooths, 802 F. Supp. 2d at 63 (reducing rate to three-quarters of the maximum Laffey rate).

According to the current Laffey Matrix,[4] the prevailing hourly wage for someone with over

twenty years of experience should be $475.00 for work done prior to June 1, 2011, and $495.00

for any work done thereafter.  While the Court recognizes that the requested hourly rates fall

below the applicable Laffey rates, this Court finds these rates to be unreasonable in light of the

uncomplicated issues involved in this litigation, and thus will reduce the hourly rates to one half

of the maximum set by the Laffey Matrix.  Therefore, the plaintiffs are entitled to receive an

hourly rate of $237.50 per hour for work done by Ms. Jester prior to June 1, 2011, and $247.50

per hour for any work done thereafter.  Likewise, the hourly rate requested for work performed

by Ms. Jester's paralegal, Mery Williams, will be reduced to $70.00 for work done after June 1,

2011.

### III. CONCLUSION

Based on the foregoing reasons, the plaintiffs' motion for attorneys' fees is granted in

part and denied in part.

**SO ORDERED** this 19th day of December, 2012.[5]

REGGIE B. WALTON
United States District Judge

---

[4] See Laffey Matrix—2003–2013, available at http://www.justice.gov/usao/dc/divisions/Laffey_Matrix_2003-2013.pdf.

[5] An Order consistent with this Memorandum Opinion will be issued contemporaneously.